UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TIMOTHY LEROY WEBB,

                                    Petitioner,

v.

RYAN FRITEZ, MARK SIMSON,
DEBBY DUMOTEZ,

                                    Respondents.

Case No.:  26-cv-2456-RSH-DDL

**ORDER DISMISSING CASE
WITHOUT PREJUDICE**

Timothy Leroy Webb ("Petitioner"), currently incarcerated at the George Bailey Detention Facility and proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, the Court **DISMISSES** the case without prejudice.

**I.      FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis. Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis, *see* R. 3(a), Rules Governing Section 2254 Cases (2019), this case is subject to dismissal for failure to satisfy the filing fee requirement.

*///*

## II.    FAILURE TO INVOKE THE COURT'S HABEAS JURISDICTION

Additionally, Petitioner has not invoked this Court's jurisdiction with respect to this habeas challenge. Here, Petitioner does not allege he is in custody pursuant to the judgment of a State court, which is required for a reviewing court to entertain a federal habeas action under section 2254. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

On the face of the Petition, Petitioner lists a judgment of conviction dated October 11, 2010, but he also appears to indicate that the 2010 case was "thrown out" or "discontinued" on that same date, after he had been incarcerated for nine months. *See* ECF No. 1 at 1. Elsewhere in the Petition, Petitioner references court minutes and records from both the 2010 case and a 2014 case concerning another individual, *see id.* at 1, 7–8, and separately requests the Court "investigate this 2017 case in witch [sic] I never did and all allegations of that case period." *Id.* at 9. Yet, Petitioner does not indicate he is currently in custody pursuant to *any* of those prior cases, nor does he even specify or indicate that any of the prior cases resulted in a judgment of conviction.[1]

"'Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S.

---

[1]    To the extent Petitioner seeks to challenge more than one judgment, each challenge must be brought in a separate habeas petition. *See* R. 2(e), Rules Governing Section 2254 Cases (2019) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.")

488, 490-91 (1989), citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because Petitioner does not indicate he is either in actual or constructive custody pursuant to a state criminal conviction, the Court lacks habeas jurisdiction to entertain the instant federal habeas Petition under section 2254.

To the extent Petitioner is a pretrial detainee rather than a state prisoner confined pursuant to a state court judgment, he may only proceed with a habeas action in federal court under 28 U.S.C. § 2241. *See White v. Lambert*, 370 F.3d 1002, 1006–07 (9th Cir. 2004) ("Section 2254 is properly understood as 'in effect implement(ing) the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.'"), quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

However, because Petitioner also appears to raise challenges to the conditions of his prison life in this Petition, as discussed below, and Petitioner does not appear to either clearly articulate the circumstances of his current custody or raise a specific constitutional challenge to his present custody, the Court declines to construe the instant Petition as one brought pursuant to section 2241.

## III.    CLAIMS CHALLENGING CONDITIONS OF PRISON LIFE

The Petition is also subject to dismissal because a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for several of the contentions Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.  On the other hand, "a § 1983

action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

On the habeas petition form, rather than indicating the instant challenge concerns the fact or length of his present custody, Petitioner indicates the Petition concerns "other," and specifically: "Its facility[']s cleanl[i]ness and the wellness of Mental Ill Pati[e]n[t]s and the wron[g]ful excess of use of law and a[u]thority placing people's lives in danger." ECF No. 1 at 2. Although rather disjointed and difficult to understand, Petitioner also appears to allege there are "listening" items inside his face which have allowed him to hear several individuals physically and sexually assaulting children, *see id.* at 4–5, alleges identity theft and/or hacking by several individuals, *see id.*, asserts several individuals have previously stolen "gold bars" and states: "you will follow the killings and the Nucle[a]r War Heads going to Mexico," *id.* at 6, and appears to indicate he has information about several other individuals who made a correctional facility escape. *See id.* at 10. These contentions are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of Petitioner's confinement. *See* 28 U.S.C. § 2254(a).

Because these challenges appear to be to the conditions of confinement and not to the fact or length of Petitioner's custody, these claims are not cognizable on habeas corpus review and must instead be brought "if at all" pursuant to 42 U.S.C. § 1983.[2] *See Nettles v.*

---

[2]    "[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936 ("'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'"), quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). Here, the allegations as to the named Respondents are difficult to clearly comprehend and it also appears Petitioner has presented allegations against several other individuals in the Petition who are not named as Respondents. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

*Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487 and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

## IV.   CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the instant habeas case without prejudice. To the extent Petitioner contends he is in custody pursuant to a state court judgment and seeks to challenge the constitutionality of that custody, in order to re-open and proceed with this case, Petitioner must submit, no later than **<u>June 22, 2026</u>**, <u>both</u> (1) a completed Amended Petition form <u>AND</u> (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.

To the extent Petitioner instead contends he is *not* currently in custody pursuant to a state court judgment and seeks to challenge the constitutionality of that state custody, Petitioner must instead file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which will be given a new case number.  To the extent Petitioner seeks to challenge the conditions of his confinement and not the fact or length of his custody, the dismissal is without prejudice to proceed with such claims either in his previously-referenced § 1983

---

caused a constitutional deprivation."), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). Moreover, as discussed above, Petitioner also appears to list numerous prior criminal cases he wishes to challenge. For those reasons, the Petition does not appear amenable to conversion. The Court also notes that on March 12, 2026, Petitioner filed a § 1983 Civil Rights Complaint in this District which currently remains pending before the Court.  *See* ECF No. 1 in *Webb v. San Diego Sheriff, et al.*, S.D. Cal. Case No. 26-cv-1718-WQH-BLM. Additionally, on the same day this habeas Petition was filed, Petitioner filed another separate Civil Rights Complaint in this District, docketed as filed per 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), in which he names at least one Defendant in common with the Respondents named here, in addition to naming numerous other Defendants. *See* ECF No. 1 in *Webb v. Fitzgerald, et al.*, S.D. Cal. Case No. 26-cv-2463-TWR-SBC.

action filed in this District or in a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.

*For Petitioner's convenience, the Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application, a blank 28 U.S.C. § 2241 Habeas Petition form, and a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: April 23, 2026

_____

Hon. Robert S. Huie
United States District Judge